## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| CELESTINE GIBBS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ASHLEY'S QUALITY CARE INC. | ) ) |
| Defendant. | ) ) |

### COMPLAINT

Plaintiff, CELESTINE GIBBS, by and through her attorneys, brings this action seeking relief damages for violations of the federal Fair Labor Standards Act ("FLSA") and the Illinois Wage Payment and Collection Act ("IWPCA") against Defendant, ASHLEY'S QUALITY CARE INC.

### PARTIES

1. Plaintiff Celestine Gibbs demands a jury and is a natural person and resident of the State of Illinois. Plaintiff is a covered employee under the FLSA.

2. Defendant Ashley's Quality Care, Inc. is an Illinois corporation with a principal place of business in Chicago, Illinois. Defendants are covered under the FLSA.

3. Defendant is engaged in interstate commerce and has annual sales that total $500,000 as evidenced by the fact that Ashley's Quality Care Inc. represents on its website that it currently employs over 450 homemakers and has an administrative staff of 25. See http://www.ashleysqualitycare.com/about.htm

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 because it is a civil action arising under the laws of the United States, namely 23 U.S.C. Chapter 8, *et seq.*. Supplementary jurisdiction exists over Plaintiff's state law claim because it arises out of the same transaction or occurrence as Plaintiff's federal claim.

5. Personal jurisdiction and venue are proper in this District because Defendant's principal place of business is in this District and the facts that gave rise to Plaintiff's claims occurred in this District.

## CAUSE OF ACTION

6. Plaintiff was employed by Defendant in November and December of 2015.

7. Plaintiff's contracted rate of pay was $10.50 per hour.

8. Celestine Gibbs worked at least 162 hours and was never paid for that work.

9. Defendant also failed to pay 36 hours in vacation pay.

10. As of the date of the filing of this Complaint, Plaintiff has not received payment of these earned wages, and has not received any communications from Defendant regarding payment.

11. At all times relevant to this Complaint, Plaintiff was an employee covered by both the federal Fair Labor Standards Act and the Illinois Wage Payment and Collection Act.

## FIRST CLAIM FOR RELIEF:

### Violation of the Fair Labor Standards Act

12. Plaintiff incorporates paragraphs 1-11 into this Count.

13. Among other ways, the defendants violated the FLSA by failing to pay the minimum wage work in November and December of 2015.

## SECOND CLAIM FOR RELIEF:

### Violation of the Illinois Wage Payment and Collection Act

14. Plaintiff incorporates paragraphs 1-13 into this Count.

15. Under the IWPCA, 820 ILCS 115/5, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

16. Defendant failed to pay final compensation to Plaintiff.

17. Under the IWPCA, 820 ILCS 115/14), "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

18. Plaintiff seeks remedies under the IWPCA for non-payment of final compensation.

## PRAYER FOR RELIEF

A. Enter judgment for Plaintiff against Defendant on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C.

§ 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages.

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award statutory penalties as allowed by the IWPCA;

E. Award Plaintiff reasonable attorneys' fees and costs of suit; and

F. Any other relief the Court deems just.

RESPECTFULLY SUBMITTED,

__/s/ Christopher Langone_____
One of Plaintiff's Attorneys

Christopher V. Langone
332 S. Michigan, 9th Floor
Chicago, IL 60604
(607) 592-2661
langonelaw@gmail.com